189 So.2d 46 (1966)
Frederick M. MOHR, Jr., Plaintiff-Appellant,
v.
Mary Ann SCHMITT et al., Defendant-Appellees.
No. 6697.
Court of Appeal of Louisiana, First Circuit.
June 13, 1966.
Rehearing Denied July 8, 1966.
Writ Refused October 7, 1966.
C. Cyril Broussard, New Orleans, for appellant.
*47 Phillip A. Wittmann, of Stone, Pigman & Benjamin, New Orleans, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.[*]
BAILES, Judge.
This is an appeal from a judgment of the lower court granting a dismissal of plaintiff's action as to defendants, William H. Gadow, Edward E. Askew, Jr., and Morgan City Clinic, a partnership composed of the first two named defendants who are practicing physicians in Morgan City, Louisiana, on a motion for summary judgment. For brevity, these three defendants will be referred to hereinafter as defendant-appellees.
In this tort action, plaintiff named the Board of Commissioners of Hospital District No. 2 of the Parish of St. Mary, d/b/a Lakewood Hospital, The Travelers Insurance Company, Dick Bohn Ford, Inc., and Allstate Insurance Company, in addition to the three above named defendants who were dismissed from the suit on the summary judgment rendered by the trial court. Insofar as this appeal is concerned the other named defendants are not before us at this time.
The defendant-appellees were made parties to this suit on the allegation in plaintiff's petition that "Mary Ann Schmitt was acting as the agent" for each and/or all of the defendants, and that the defendants were her principal, and as such, responsible for her negligence which was the proximate cause of the plaintiff's injuries and resulting damages.
In their motion for summary judgment, defendant-appellees allege the depositions on file, the sworn affidavits annexed to the motion and the pleadings show there is no genuine issue as to any material fact, and movers are entitled to judgment as a matter of law dismissing plaintiff's demands as to them.
For the purpose of discovery the depositions of William H. Gadow, Edward Askew, Jr., Mary Ann Schmitt, and George L. Clauer were taken in July and August of 1964. These depositions were offered by the defendant-appellees and received by the court in support of the motion for summary judgment, as were the affidavits of William H. Gadow and Edward Askew, Jr.
These offerings conclusively support the following facts:
That Mrs. Mary Ann Schmitt, a resident, an anesthestist and nurse of New Orleans was a friend of Dr. and Mrs. George L. Clauer, also residents of New Orleans. Dr. Clauer, an anesthesiologist otherwise regularly employed, was spending a week of his annual vacation as the resident anesthesiologist of the Lakewood Hospital at Morgan City, Louisiana. On the day of the accident, the 4th of September, 1963, Mrs. Schmitt had a day free of duties with her employer, and as an outing drove to Morgan City to visit Dr. and Mrs. Clauer. On this day, Doctors Askew and Gadow performed an operation on a patient for the purpose of obtaining live tissue for a biopsy to determine the existence of a malignancy. The anesthesiologist either prior to or immediately after the operation, knowing Mrs. Schmitt was to come to Morgan City and return to New Orleans on that day suggested to defendant-appellees that she could deliver the tissue specimen to the pathologist at Southern Baptist, instead of having to send it by bus as was the usual procedure in such cases.
Mrs. Schmitt came to Morgan City, as planned, where she spent a portion of the day in the company of the defendant-doctors, Dr. and Mrs. Clauer and others. Upon her preparing to leave for New Orleans, one of the defendants or Dr. Clauer, the record not being clear on this point, asked her if she would deliver the tissue specimen to the pathologist at the Southern *48 Baptist Hospital on her way home. She assented to this request. On her return trip she was involved in a collision near Shreiver, Louisiana, with a vehicle in which the plaintiff was a passenger.
In his reasons for granting summary judgment, the trial judge, in part, stated:
"* * *
"It is our view that Mrs. Schmitt was purely and simply engaged in the business of making a social call in Morgan City, and that her undertaking to accomodate Dr. Clauer by taking the specimen back to New Orleans in no way established an agency or employment relationship between her and Drs. Askew and Gadow and the Morgan City Clinic. Accordingly, we find no relationship whatever between the said three defendants and Mrs. Schmitt that would render them liable for any tortious action. We reiterate our view that she was engaged only in the business of going on and returning from a social call.
"It is our view `that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.' Accordingly, the rule for summary judgment should be made absolute, and the demands of plaintiff against the three named defendants should be denied and dismissed."
In this case we must determine whether as a matter of law under the facts existing herein, and about which there is no dispute, there is legal liability on the part of the defendant-appellees for the alleged tortious acts or negligence of Mrs. Mary Ann Schmitt. As stated in the defendants' brief, the issue which this court must decide is whether a guest who does a favor for her host by undertaking to deliver a package on her way home subjects the host to vicarious liability for the guest's negligence.
Plaintiff contends, in his brief, the trial court erred: 1. In not finding that the co-defendant, Mary Ann Schmitt was an agent of defendants; 2. In not finding that there is a genuine issue as to any material fact in this case; namely, agency; 3. In finding that movers were entitled to a judgment as a matter of law; and 4. In giving judgment on the motion for summary judgment brought by these co-defendants when the plaintiff's petition alleges that Mary Ann Schmitt was acting as the agent of those defendants or Lakewood Hospital, or both.
First, let it be understood that Lakewood Hospital is not a party mover in this motion and is not in any way before us in this appeal. And, secondly, it would be understood the allegations in plaintiff's petition that Mrs. Mary Ann Schmitt was an agent for defendants and that the defendants were her principal are legal conclusions of the plaintiff in his petition.
The simple fact, as shown by the undisputed evidence before the court, is that Mrs. Mary Ann Schmitt at the request of Dr. Clauer, the anesthesiologist at Lakewood Hospital, as a friendly courtesy agreed and undertook to transport the tissue specimen to the Southern Baptist Hospital on her way home from Morgan City to New Orleans.
In determining whether a relationship of principal and agent existed between Mrs. Mary Ann Schmitt and the defendant-appellees herein so as to fix vicarious liability on the movers for the tortious acts of Mrs. Schmitt, it will be helpful to examine the law of principal and agent to inquire into the essential elements of such a relationship to determine if such a relationship did in fact exist herein.
In the case of Graham v. American Employers' Insurance Company (La.App. 1937) 171 So. 471, the court, in considering the liability of the defendant motor company which had left a vehicle with another defendant to drive in order to determine if the latter wished to purchase it stated:
"It is provided in the Restatement of the Law of Agency, § 1, that: `Agency is the relationship which results from the *49 manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'"
In the recent case of White v. Hudspeth (La.App.1962) 147 So.2d 874, 878, the court said:
"[1, 3] * * * One of the prime elements of an agency relationship is the existence of some degree of control by the principal over the conduct and activities of the agent, and the power of the agent to act for the principal. Donovan v. Standard Oil Co. of Louisiana, La.App., 197 So. 320 (Cert. denied); 3 Am.Jur.2d, Agency, § 3; 2 C.J.S. Agency § 1. * * *"
In the instant case, the defendant-appellees exercised no element of control over Mrs. Schmitt in the transportation by her of the biopsy to the pathologist at Southern Baptist Hospital. It was expected in due course of events in her returning to New Orleans from Morgan City that she would deliver the biopsy sometime during the afternoon or evening, however there was no obligation on her part to deliver it at any particular time, and further, defendant-appellees did not, by agreement with her or in any other manner, attempt to direct her in this mission.
The burden of proof of establishing the existence of a principal and agent relationship or any other relationship which invokes vicarious liability on the defendant-appellees for any negligent acts of Mrs. Schmitt is on the plaintiff, the party alleging the existence of the relationship.
From the evidence before us herein there is no proof the defendant-appellees had any right of control over the actions of Mrs. Schmitt. It is clear to us that no legal relationship existed between the parties which created any liability on defendant-appellees for any alleged wrongful acts of Mrs. Schmitt.
Merely a social relationship was established between the parties, and there was nothing more than a moral obligation on her part to fulfill the request made of her to deliver the biopsy to the hospital. In this manner she was performing no more than a courteous social act.
In all instances of vicarious liability, the right of control is sacramental. The basis for holding the principal for the acts of the agent, the master for the servant, husband for the acts of the wife in her relationship to the community of acquets and gains, the parent for the acts of the child, all stem from the right of control. In the absence of the right of control, there is no liability.
We find from our examination of this record there is absent a genuine issue as to any material fact, and under the facts, the defendant-appellees are entitled to judgment as a matter of law in their favor dismissing them from this action.
For the foregoing reasons, the judgment appealed from is affirmed at plaintiff's costs.
Affirmed.
NOTES
[*] Due to the death of ELLIS, J. prior to rendition, this opinion is unanimously rendered by LOTTINGER, LANDRY, REID and BAILES, JJ.