523 So.2d 924 (1988)
Irma POWELL, et al.
v.
Ernie P. SHEDD, et al.
No. CA-8768.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Meyer Sabludowsky, New Orleans, for plaintiff-appellant Irma Powell, et al.
Peter A. Feringa, Jr., John F. Olinde, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellee Ernie P. Shedd.
Before BARRY, KLEES and PLOTKIN, JJ.
KLEES, Judge.
Plaintiff's petition against defendant Ernie Shedd was dismissed by the trial court in a judgment maintaining defendant's exception of lack of personal jurisdiction. We affirm.
Mr. Shedd is a resident of Florida. On December 7, 1985, Mr. Shedd's son Aaron, then twenty-two years old, was involved in an automobile accident in Boothville, Louisiana with the plaintiff's daughter, Gwendolyn Houston. At the time of the accident, Aaron Shedd was driving a car owned by his father. Ernie Shedd was not present in the car when the accident occurred. Aaron, who lived part of the time with his father in Florida and part of the time in Louisiana where he worked at the Marathon Refinery, had borrowed his father's car because his own car had broken down. With his father's permission, Aaron had driven the car to Louisiana to work.
Following the accident, plaintiff filed suit against Ernie Shedd. The petition was subsequently amended to include Aaron Shedd as a defendant. Ernie Shedd then filed a declinatory exception of lack of personal jurisdiction, which was heard by the trial judge on March 18, 1987. The trial judge continued the hearing to allow Ernie Shedd's deposition to be taken solely for purposes of the exception. In the deposition, Mr. Shedd confirmed that he resides permanently in Florida, where he first bought a home in 1962. He stated that he neither owns property nor does any business in Louisiana and that he has not physically been in Louisiana since July of 1984, when he vacationed here for a few days. He also stated that Aaron Shedd had borrowed the car solely for his own personal *925 use and was not on any mission for his father at the time of the accident.
The deposition was introduced at a second hearing held on May 28, 1987, at the conclusion of which the trial court granted defendant's exception and dismissed the plaintiff's petition against Ernie Shedd for lack of personal jurisdiction. We find no error in that judgment.
The only two possible basis for personal jurisdiction over Ernie Shedd are La.R.S. 13:3474, the non-resident motorist statute, and La.R.S. 13:3201, the general longarm statute. Given the facts of this case, however, neither statute applies.
R.S. 13:3474 provides that the operation of a motor vehicle within the state of Louisiana "by a non-resident or his authorized agent, employee or person for whom he is legally responsible" is equivalent to the appointment by the non-resident of the secretary of state of Louisiana as his agent for service of process with respect to any legal action growing out of any accident or collision in Louisiana in which said vehicle is involved. As Aaron Shedd is a major for whom his father is no longer legally responsible, this statute would authorize jurisdiction over Ernie Shedd only if Aaron was acting as his agent.
An agency relationship cannot be presumed, but must be proven by the party alleging its existence. Roberson Advertising Service, Inc. v. Winnfield Life Insurance Co., 453 So.2d 662, 665 (La.App. 5th Cir.1984); Mohr v. Schmitt, 189 So.2d 46, 49 (La.App. 1st Cir.1966), writ denied, 249 La. 729, 190 So.2d 238 (1966). In Automotive Finance Co. v. Kesk, Inc., 200 So.2d 136, 139 (La.App. 4th Cir.1967), we noted that the essential element of an agency relationship is the right of one person, the principal, to control the conduct of another, the agent, or the actual exercise of such control. In the instant case, there is no evidence to indicate that Ernie Shedd had any control over the actions of his son, who merely borrowed his father's car. In a similar factual situation, where the plaintiff was seeking to establish agency so that the driver's negligence could be imputed to the owner of the car, the Third Circuit held that the mere fact that the driver had borrowed the car from its owner to use on a personal mission was not sufficient to establish an agency relationship between the two. Davis v. Bankston, 192 So.2d 614 (La.App. 3d Cir.1966). Analogously, in Rhodes v. Fromenthal, 385 So.2d 415 (La. App. 1st Cir.1980), the court found that an agency relationship was not implied by the fact that the driver and the owner of the car lived together. In the instant case, as the plaintiff has shown only that Aaron Shedd lived with his father and borrowed his father's car, no agency relationship has been established; therefore, jurisdiction does not lie under R.S. 13:3474.
The longarm statute, R.S. 13:3201(A), authorizes Louisiana courts to exercise jurisdiction as to certain causes of action over non-residents who, acting directly or through agents, perform any of the following activities in this state:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing real rights on immovable property in this state.
(6) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of *926 commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and and the manufacturer's marketing practices.
Part (B) of the statute states that, in addition to the above provisions, a Louisiana court may exercise personal jurisdiction over a non-resident "on any basis consistent with the constitution of this state and of the Constitution of the United States."
A cursory reading of the longarm statute shows that it does not apply in the instant case. Ernie Shedd committed no offense in this state; nor does he transact any business here, own property here, or derive revenue from Louisiana. He has absolutely no contacts with Louisiana that would support the exercise of jurisdiction over him by the district court. Plaintiff apparently argues that Mr. Shedd's loaning of his car to his son to be used in Louisiana was an act done outside of the state which caused damage in Louisiana within the meaning of 13:3201(A)(4). This argument ignores the fact that section 3201(A)(4) applies only to persons who regularly do or solicit business, derive revenue, or "engage in any other persistent course of conduct" in Louisiana. As Mr. Shedd does none of these things and has no other contacts with Louisiana which would make it constitutionally permissible for our courts to exercise jurisdiction over him, we find that R.S. 13:3201 does not authorize such jurisdiction.
Accordingly, we hold that the district court was correct in maintaining defendant's exception of lack of personal jurisdiction, and therefore affirm the judgment dismissing plaintiff's action against Ernie Shedd.
AFFIRMED