DUFRESNE, Judge.
In this consolidated appeal we reviewed the trial court’s decision to dismiss an action to annul a default judgment during a summary judgment hearing.
The relevant procedural history of this case is as follows:
On January 3, 1984, Michael and Deborah Stewart, individually and on behalf of their minor daughter, Tashika Lodge (Stewart) filed the original tort suit for damages arising out of a vehicular accident which allegedly occurred in Jefferson Parish on or about January 8, 1983. The petition alleged Waco Fire & Casualty Insurance Company (Waco) to be a foreign insurance corporation, “but doing business” in the State of Louisiana and the insurer of the vehicle driven by the alleged tortfeasor, Teresa Revnell. All original defendants were alleged to be domiciled in Georgia. Service of process was attempted on the defendant, Teresa Revnell via LSA-R.S. 13:3201 (Louisiana’s Long-Arm Statute), and on Waco through the Secretary of State. However, the record is void of any evidence establishing timely notice to Waco of the Stewarts’ “Claim for Damages”.
Waco and Revnell did not answer or file any responsive pleading to the original lawsuit. On January 23, 1987, the preliminary default entered on August 22, 1984, was confirmed and judgment was rendered against Waco and Revnell in the amount of $9,535.25.
Waco contends that it was not lawfully served with the petition and did not receive notice of the original petition until February 17,1987, when it received a copy of the default judgment by U.S. mail from the Stewarts’ attorney.
Consequently, on December 17, 1987, Waco filed a petition seeking to nullify the default judgment rendered January 23, 1987 in the original lawsuit, for the following reasons:
1. Lack of or improper service of process;
2. Lack of notice of said lawsuit in contravention of the constitutional requirements of due process; and
3. Failure by the Stewarts to produce, when confirming the preliminary default, any proof of an insurance policy or insurance coverage whereby Waco insured Rev-nell.
On January 29, 1988, Waco filed a Motion for Summary Judgment seeking to set aside the default judgment rendered January 23, 1987. After hearing arguments on the motion for summary judgment, the trial court denied any summary relief and instead, the court dismissed Waco’s petition for nullity and specifically found:
“The court is going to deny the motion for summary judgment and dismiss the petition to annul finding that service was valid and the default judgment taken was proper.”
From this decision Waco has appealed and contends that it was not served with the lawsuit in which the default judgment was rendered, had no notice of said lawsuit, and in fact, did not insure Teresa Revnell on the vehicle being driven by Revnell. Waco argues that the default judgment against it should be annulled.
The Stewarts allege that Waco was “doing business” in this State, which if supported by evidence, would make it subject to the personal jurisdiction of Louisiana courts. We find no evidence in the record of this contention. To the contrary, the record contains uncontroverted evi *657 dence that Waco was not doing or transacting business in this state, as indicated by the affidavit of Hilton Johnson, Vice-President of Waco.
Unless the Stewarts offered sufficient proof that Waco was doing business in this state, the exercise of personal jurisdiction over Waco and service upon it pursuant to LSA-R.S. 13:3201 is suspect. Additionally, we find no evidence of any mailing of a certified copy of the petition and citation, nor any affidavit setting forth such service as required by law. See LSA-R.S. 13:3204.
Because Waco was not doing business in the State of Louisiana, personal jurisdiction and service of process on Waco is proper only via LSA-R.S. 13:3474 et seq, (non-resident motorist statute) Jones v. MFA Mutual Insurance Corp., 398 So.2d 10 (La.App. 3rd Cir.1981). LSA-R.S. 13:3475 states that service of process authorized by R.S. 13:3474 (on the Secretary of State) shall be sufficient upon the defendant or the non-resident liability insurer of the vehicle provided:
“... notice of such service, together with a copy of the petition and citation are forthwith sent by plaintiff to the defendant by registered mail or certified mail with receipt requested, or are actually delivered to the defendant and the defendant’s returned receipt, in case notice is sent by registered or certified mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be rendered against said defendant....”
The notice required by R.S. 13:3474 et seq must be sent to the defendant-insurer as well as the defendant-insured. The record does not reflect this being done.
Even if the Stewarts properly served the Secretary of State with the lawsuit, because they failed to serve Waco with notice of the suit by certified copy of the citation and petition, the service requirements of R.S. 13:3474 et seq were not fulfilled; thus service was improper. Davis v. Teletotal, Inc., 465 So.2d 948 (La.App. 2nd Cir.1985). Furthermore, the record reflects that the Secretary of State never forwarded to Waco the tort lawsuit because the proper mailing address to which the petition could be transmitted was never received.
In this case, the lawsuit in which the default judgment was rendered did not “result” from a business activity by Waco here. Waco’s only alleged connection with the accident was that Waco, a Georgia corporation, issued an insurance policy in Georgia covering a vehicle being operated by a non-resident who was involved in an automobile accident in Louisiana. The evidence submitted by Waco that it conducted no business at all in Louisiana is uncontra-dicted. Therefore, The Stewarts’ contention that service was effected on Waco under Louisiana Code of Civil Procedure articles 1261 and 1262 is without merit.
We further find inadequate and insufficient proof to support a default judgment.
The burden in confirming the default against Waco was to prove the existence of the insurance policy sued on, its terms and provisions, and that the Stewarts’ claims fell within the ambit of the policy’s coverage period. This was not done. The Stew-arts simply failed to meet their burden of proof to establish by the preponderance of the evidence their entitlement to a default judgment against Waco.
Clearly, the default judgment against Waco is not supported by any competent evidence, and its enforcement would be improper here. We further hold that Waco did not voluntarily acquiesce to the default judgment and its petition for nullity was timely filed.
For the foregoing reasons, the decision of the trial court dismissing Waco’s nullity action is reversed and the default judgment obtained by the Stewarts in the original tort suit is annulled.
REVERSED AND RENDERED.