556 So.2d 67 (1989)
J. WILTON JONES CO., INC.
v.
TOUCHE ROSS AND CO., et al.
No. 89-C-1413.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1989.
Rehearings Denied February 21, 1990.
David A. Bowling, Friend, Wilson & Draper, New Orleans, for relator.
*68 C. Ellis Henican, Jr., Thomas P. Henican, Henican, James & Cleveland, Metairie, for respondent.
Before SCHOTT, C.J., and BYRNES, WILLIAMS, ARMSTRONG and PLOTKIN, JJ.
WILLIAMS, Judge.
Defendant/Realtor, Sharpe-Salter Corporation (Sharpe Systems), filed this application for supervisory writs from a trial court judgment overruling relator's exception of lack of personal jurisdiction. We grant writs and reverse.
According to the deposition testimony and affidavit of Robert Sharpe, President of Sharpe Systems, Computerland Corporation in New Orleans telephone Sharpe Systems in Georgia and inquired about certain Realworld brand computer software. The software was unavailable from Sharpe Systems at that time. In June, 1988 Computerland phoned Sharpe Systems a second time and purchased the software. In response to this call, Sharpe Systems shipped the software via Federal Express to Computerland.
Plaintiff/respondent, J. Wilton Jones Company, filed suit against several defendants including Computerland and Sharpe Systems. The petition alleged that the software which Computerland obtained from relator was installed into plaintiff's computer system, that it was defective, and that plaintiff sustained damages as a result.
The sole issue before us is whether the Louisiana court has jurisdiction over relator.
Under the long-arm statute, LSA-R.S. 13:3201, the jurisdiction of a Louisiana court extends to the limits allowed by due process. LSA-R.S. 13:3201, 1987 comment. As the limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. Superior Supply Co. v. Associated Pipe & Supply Co., 515 So.2d 790, 792 (La. 1987).
Constitutional due process requirements are met when the nonresident defendant has "minimum contacts" with the forum state and the maintenance of suit comports with traditional notions of fair play and substantial justice. Vault Corp. v. Quaid Software, Ltd., 775 F.2d 638, 639-40 (5th Cir.1985), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985). The minimum contacts test requires that "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Growden v. Ed Bowlin & Associates, Inc., 733 F.2d 1149, 1151 (5th Cir.1984), quoting Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) [emphasis added]. The defendant's connection with the forum state must be such that the defendant should have reasonably anticipated being haled into court there. Growden v. Ed Bowlin & Associates, Inc., 733 F.2d at 1151, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
The record in the instant case shows that Sharpe Systems, a licensed distributor of Realworld brand software, is a Georgia corporation with its principal business office in Albany, Georgia. According to Sharpe's deposition and affidavit, Sharpe Systems does not have a business office, an agent for service of process, or any employees or representatives in Louisiana. It does not own any property or have any assets in Louisiana. It has never sent any salesmen, servicemen or representatives to Louisiana for business purposes. There is no evidence that it has ever advertised in local Louisiana media, although it did place an ad in a national magazine for one month in addition to placing its name in the Red Book, a publication distributed to dealers nationwide.
The vast majority of Sharpe System's business is done within a 100 mile radius of Albany, Georgia. Sharpe Systems had only one previous business contact in Louisiana. In 1988, Data Management of New *69 Orleans telephoned relator and purchased one module for $542.00.
The instant case is factually similar to Charia v. Cigarette Racing Team, Inc., 583 F.2d 184 (5th Cir.1978). See also Benjamin v. Western Boat Building Corp., 472 F.2d 723 (5th Cir.1973), cert. den. 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973). In Charia, the defendant was a Florida boat building corporation which had placed advertisements in several national boating magazines. Plaintiff, a Louisiana resident, saw the ads and wrote to defendant seeking additional information. Defendant replied and then sent plaintiff literature about its product. The parties corresponded through telephone calls, some of which defendant initiated. While on a trip to Florida, plaintiff visited defendant's plant and verbally agreed to purchase a boat. Plaintiff gave defendant a $3,000 check drawn on a Louisiana bank as a downpayment. When the boat was ready, plaintiff sent defendant a check representing the balance due, this check also drawn on a Louisiana bank. The boat was shipped FOB Miami, Florida, defendant having arranged shipment with an independent, private carrier. Plaintiff experienced problems with the boat and filed a redhibition suit against defendant in Louisiana. Defendant filed an exception of lack of personal jurisdiction. The trial court sustained the exception and dismissed the suit.
The Fifth Circuit affirmed, holding that defendant had insufficient minimum contacts with Louisiana to justify the exercise of personal jurisdiction over defendant. The absence of contacts between the defendant and the forum state was noted in the following factors: the defendant was a foreign corporation not qualified to do business in Louisiana; the defendant had not incurred or paid taxes to Louisiana; had not appointed an agent for service of process in Louisiana; had no place of business, no employees, no salesmen, and no distributors in Louisiana; had never sent representatives, inspectors or servicemen to Louisiana; and had never advertised in local Louisiana media. These same factors are virtually identical in the instant case.
The Charia court also addressed the fact that defendant there had made three previous sales to Louisiana residents for which it received $85,000. Noting that the defendant had not supplied its product to the forum state in large quantities over a long period of time, the court found that the four sales (including the sale to plaintiff) were isolated and sporadic and did not involve purposeful conduct by defendant availing itself of the benefits and protections of Louisiana's laws. Charia v. Cigarette Racing Team, Inc., 583 F.2d at 189. Similarly, the two sales which relator in the instant case made to Louisiana were not made in a systematic or regular course of conduct with this State, but were sporadic and attenuated and do not support the exercise of jurisdiction. Id. Compare Bean Dredging Corp. v. Dredge Technology Corp., 744 F.2d 1081 (5th Cir.1984) [Court allowed the exercise of jurisdiction where defendant manufacturer introduced thousands of its steel castings into the stream of commerce with the interest of reaching as large a market as possible and without any attempt to limit the states in which castings would be sold and used]; Vault Corp. v. Quaid Software, Ltd., 775 F.2d 638 (5th Cir.1985) [Court upheld jurisdiction where non-resident defendant had not only advertised in national magazines in an attempt to reach as broad a market as possible, but also executed 510 sales in the forum state]. Furthermore, the contact in the instant case did not establish a longterm economic relationship between defendant and the forum state, as was the case in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) [Where defendant, a Michigan resident, had contracted by mail and wire with plaintiff, a Florida franchisor, to operate a franchise in Michigan, but had never entered the forum state, the court allowed the exercise of jurisdiction by a Florida court when plaintiff sued defendant in Florida for breach of contract].
The Charia court also considered the fact that the plaintiff there wrote to defendant after he saw defendant's advertisements in several national boating magazines.
*70 The court found that, absent other activities by defendant, "merely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes." Id. at 187, quoting Benjamin v. Western Boat Building Corp., 472 F.2d at 729 [sic, 731]. Similarly, the fact that relator in the instant case placed its name in nationally circulated publications (one of them only for one month), without more, does not support a finding that defendant directed its activities to the forum state and is insufficient to support jurisdiction. Id. at 187; Growden v. Ed Bowlin & Associates, Inc., 733 F.2d at 1151. See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980) [Court indicated that whether the defendant engaged in advertising reasonably calculated to reach the forum state was one of many factors to be considered as a predicate to the exercise of jurisdiction.].
After considering the foregoing principals of law and the facts of this case, we conclude that realtor did not purposefully avail itself of the benefits and laws of Louisiana so as to establish minimum contacts necessary to satisfy constitutional due process requirements. Accordingly, the trial court judgement overruling relator's exception of lack of personal jurisdiction is reversed.
REVERSED
BYRNES and PLOTKIN, JJ., dissent with reasons.
BYRNES, Judge, dissents:
I am of the opinion that the defendant had sufficient minimum contacts with Louisiana to justify the exercise of personal jurisdiction over this defendant.
In this case, the defendant nationally advertised its product. It did not seek to limit its sales to Georgia or exclude Louisiana from its sales area. It had made at least one prior sale in Louisiana. When it was contacted by Computerland it voluntarily sold Computerland in Louisiana its product for transference to plaintiff. After the sale, it regularly sent updated software information to plaintiff in Louisiana and consulted with plaintiff on several occasions regarding problems plaintiff was having with the software purchased from it. Under the jurisprudence, supra, these activities are sufficient to show that defendant purposefully established contacts with Louisiana. Additionally, the suit is directly related to defendant's contacts here in that it arises out of the sale of the computer software by defendant to plaintiff. Plaintiff is a Louisiana resident as are most of the other defendants. The cause of action, that is, the problems plaintiff had with the software, arose in Louisiana. Given these facts, it was not error for the court to find that it had jurisdiction over the defendant.
PLOTKIN, Judge, dissents with written reasons:
I join Judge Byrnes in dissenting and supplement his analysis with additional reasons why Louisiana courts have jurisdiction over the defendant.
The majority correctly states the rule of law that the analysis of whether Louisiana courts can exercise personal jurisdiction over out-of-state defendants involves a simple one-step inquiry into whether exercise of such jurisdiction violates due process requirements? Asahi Metal Industry Co., v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188 (La.1987).
Additionally, the jurisprudence establishes that one act or occurrence, whether in contract or tort, unquestionably is enough to satisfy the "minimum contacts" requirement. Southern Investors II v. Commuter Aircraft Corp., 520 F.Supp. 212 (M.D. La.1981). This is especially true where, as here, the defendant contracted directly with a Louisiana company to supply the product and then shipped the product directly to a consumer in this state. See Liddell v. Hanover Ins. Co., 289 So.2d 299 (La.App. 1st Cir.1973). The scenario presented by this case is different from that presented when a product just happens to end up in an area without any *71 affirmative acts on the part of the defendant. In that case, I would agree that due process requirements prevent the defendant from being required to defend a suit in a foreign state, unless there is some other kind of connexity.
Additionally, the defendant in the instant case had at least one other sale in the state besides the one to the plaintiff. Therefore, we do not have to depend on the rule that one act or occurrence can be sufficient to establish minimum contacts.
For the above and foregoing reasons, I would deny the writ application and affirm the trial court's decision that jurisdiction over the defendant was properly exercised under the Long Arm Statute.