582 So.2d 367 (1991)
Kathy LANGLEY, Plaintiff-Appellant,
v.
CITY OF MONROE, et al., Defendants-Appellees.
No. 22483-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
William H. Baker, Bobby L. Culpepper, Jonesboro, for appellant.
Hayes, Harkey, Smith, Cascio and Mullens by Joseph D. Cascio, Jr., Monroe, for appellees.
Before HIGHTOWER, BROWN and STEWART, JJ.
BROWN, Judge.
Kathy Langley, a former inmate in the Monroe City Jail, brought this personal injury action against the Ouachita Parish Police Jury, the Sheriff, the City of Monroe, the Monroe Police Chief, a Monroe city jailer, an inmate and the State of Louisiana. The Ouachita Parish Police Jury filed an exception of no cause of action which was sustained by the trial court. This appeal involves only plaintiff's claim against the Ouachita Parish Police Jury and the granting of the exception of no cause of action.
The intent of the Police Jury's peremptory exception of no cause of action was to challenge the legal sufficiency of plaintiff's petition for damages. A plaintiff must state specific facts rather than conclusory allegations in a petition. In reviewing an exception of no cause of action we must accept as true all well-pleaded facts and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pleadings should be so construed as to do substantial justice and to maintain a petition if possible. LSA-C. C.P. Art. 931. Riddle v. Simmons, 548 So.2d 113 (La.App. 2d Cir.1989). Therefore, after considering as true the allegations of the petition we affirm.
Langley's petition does not state a cause of action against the Police Jury. It alleges that she was arrested on October 28, 1987 for simple burglary and placed in the Ouachita Parish Jail. Although it incorrectly *368 states that this was a parish criminal offense, we take judicial notice that simple burglary is a state offense triable in state district court. After remaining in the Ouachita Parish Jail for approximately two and one half weeks, Langley was transferred to the Monroe City Jail allegedly pursuant to "some arrangements made by and on behalf of the Sheriff of Ouachita Parish ... and the City of Monroe."
The petition continues that on December 1, 1987 while in the Monroe City Jail plaintiff was sexually assaulted by an inmate trusty at the direction of the jailer. It states that the jailer was an employee of the Monroe Police Department and that he opened the cell door and brought in the trusty who sexually assaulted plaintiff who out of fear did not resist.
The petition asserts that this was plaintiff's only sexual intercourse since her arrest and it resulted in pregnancy. Plaintiff was sentenced in April 1988 and transferred to the Department of Corrections at its St. Gabriel facility and there gave birth. The petition does not provide the date the child was born.
The petition, however liberally read, does not state a claim for which relief can be granted against the Ouachita Parish Police Jury. A police jury is charged with the duty to provide a good and sufficient jail and for the physical maintenance of parish jails and prisons. However, the administration of a parish jail is within the province of the sheriff. The police jury has fiscal obligations related to the jail but the sheriff has the duty of operating the jail and insuring that the prisoners are properly cared for, fed and clothed. LSA-R.S. 15:702-704. Griffin v. Foti, 523 So.2d 935 (La.App. 4th Cir.1988) and Amiss v. Dumas, 411 So.2d 1137 (La.App. 1st Cir.1982).
Considering the allegations of the petition and the limited scope of the Police Jury's duty, the complaint does not state a cause of action against that governmental body. Langley does not suggest that the parish jail or the city jail was physically inadequate or that the Police Jury had any knowledge of any inadequacies. Even if Langley proved every factual allegation in her complaint, she would not be entitled to relief because these facts would not establish that the Police Jury violated any duty owed to plaintiff.
In argument, Langley claims that it was the Police Jury's obligation to provide her with a safe facility and that by delegating this responsibility to the city they are vicariously liable. However, the allegations of her petition do not include any assertions that the Police Jury did not provide an adequate parish jail or that it required her to be incarcerated in the city jail.[1] In fact the pleadings state that plaintiff was housed in the Monroe City Jail due to an arrangement between the Sheriff and the City. The pleadings say nothing about any arrangement concerning the Ouachita Parish Police Jury. Further, no allegations were made that the city jail of Monroe was physically inadequate.
Plaintiff's entire case rests on allegations that a Monroe police employee, while acting as jailer, committed an intentional crime against her by directing an inmate to have sex with her.
The Ouachita Parish Police Jury has no right to supervise employees of the City of Monroe or the Ouachita Parish Sheriff's Office. Having no power or discretion over the Sheriff or City employees there can be no vicarious liability on the part of the Police Jury for their actions. Cf. Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981). An examination of plaintiff's complaint discloses that the incident occurred in the city jail and was an intentional tort committed by a jailer who is not subject to the supervision of the Police Jury. The Sheriff and/or the City was responsible for the care of Langley and had absolute authority over her without any control whatsoever exercised by the Police Jury. Cf. Cooley v. State, 533 So.2d 124 (La.App. 4th Cir.1988). The petition *369 failed to disclose any duty breached by the Police Jury and therefore the exception of no cause of action was properly sustained. Cooley v. State, supra.

DECREE
The judgment of the trial court is AFFIRMED. Costs are assessed to appellant.
NOTES
[1] In her sworn answers to interrogatories Langley gave two reasons for her transfer, i.e., that the Sheriff was upset due to letters she wrote about the theft of her belongings and that as a "good" inmate she was moved to a less secure jail.