602 So.2d 787 (1992)
Ronnie FORD, Sr.
v.
Salvadore CALO Jr. and Atlanta Casualty Company.
No. 92-C-0659.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1992.
*788 Joseph J. Lowenthal, Jr., Bruce J. Brumfield, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-relator.
Richard A. Tonry, Tonry & Ginart, Chalmette, for plaintiff-respondent.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
We granted certiorari to consider the correctness of a trial court ruling denying the exceptions of lack of personal jurisdiction and insufficiency of citation and service of process filed by defendant-relator, Atlanta Casualty Company ("Atlanta").
Plaintiff, Ronnie Ford, a resident of Mississippi, borrowed a car belonging to his father-in-law, Salvadore Calo, also a resident of Mississippi, to go to a Mardi Gras parade in Louisiana. On the trip, after the plaintiff had entered Louisiana, he noticed that the accelerator was not working properly. He got out of the car to check it. In the course of inspecting the car, the carburetor cable popped off and struck him.
Plaintiff filed this suit in St. Bernard Parish against Mr. Calo and Mr. Calo's insurer, Atlanta. Plaintiff sought to have Atlanta served through the Louisiana Secretary of State. Atlanta filed exceptions of lack of personal jurisdiction and insufficiency of citation and service of process. Although plaintiff did not file an opposition to these exceptions and did not appear at the trial of them, the trial court denied both exceptions.
Atlanta contends that the trial court erred in denying its exception of lack of personal jurisdiction. It argues that the exercise of personal jurisdiction over it violates due process because it has no contacts with Louisiana.
There are two possible bases for exercising personal jurisdiction over Atlanta, La. R.S. 13:3201, the Louisiana long-arm statute, and La.R.S. 13:3474, the non-resident motorist statute. See, Powell v. Shedd, 523 So.2d 924 (La.App. 4th Cir.1988).
La.R.S. 13:3474, the Louisiana non-resident motorist statute, provides that the operation of a motor vehicle in Louisiana "by a non-resident or his authorized agent, employee or person for whom he is legally responsible" is the equivalent to the appointment of the Louisiana Secretary of State as the agent for service of process for the non-resident as well as for the insurer of the vehicle (if such insurer is a non-resident not authorized to do business in Louisiana) for any legal action arising out of any accident in Louisiana in which the vehicle at issue is involved. This statute is in derogation of common rights and is strictly construed. Taylor v. Bush, 104 So.2d 433 (La.App. 1st Cir.1958).
Since the insured in this case was not operating the vehicle himself, the issue arises as to whether the driver, the insured's son-in-law, was the insured's authorized *789 agent, so that the insured and his insurer, Atlanta, can be brought into court in Louisiana. This court has recently addressed this issue in Powell v. Shedd, 523 So.2d 924 (La.App. 4th Cir.1988). In Powell, the insured, Ernie Shedd, was a resident of Florida. He loaned his car to his son, twenty-year old Aaron. Aaron was involved in a car accident in Louisiana. Ernie Shedd was not in the car when the accident occurred. Plaintiff, Irma Powell, who was injured in the car accident, sued Ernie Shedd, the insured, in Louisiana state court. Mr. Shedd filed an exception of lack of personal jurisdiction, which the trial court maintained. This court addressed the issue of whether jurisdiction over Mr. Shedd existed under the non-resident motorist statute. Since Mr. Shedd was not operating the car himself, this court noted that jurisdiction would exist only if Mr. Shedd's son, who was driving the car when the accident occurred, was the "authorized agent" of Mr. Shedd. The court said that a finding of agency required that the party asserting the existence of an agency relationship show that the principal had the right to control the conduct of the agent or actually exercised control over the agent. Since the plaintiff did not make this required showing, agency was not proven. Since no agency relationship was found to exist, jurisdiction could not be asserted under La.R.S. 13:3474.
In this case, as in Shedd, the car at issue was not being driven by the insured when the accident in Louisiana occurred. The car was instead being driven by the insured's son-in-law. Thus, as in Shedd, the plaintiff in this case was required to prove that the son-in-law was the authorized agent of the insured. The plaintiff in this case offered no evidence to prove that the driver of the car was the authorized agent of the insured. Thus, the Louisiana non-resident motorist statute is inapplicable.
In determining whether jurisdiction exists under the Louisiana long-arm statute, the sole inquiry is whether the assertion of jurisdiction complies with constitutional due process. Fox v. Board of Supervisors of La. State University, 576 So.2d 978 (La.1991); J. Wilton Jones Co. v. Touche Ross and Co., 556 So.2d 67 (La. App. 4th Cir.1989). Constitutional due process requirements are met when the non-resident defendant has "minimum contacts" with the forum state and the maintenance of suit comports with traditional notions of fair play and substantial justice. J. Wilton Jones, supra, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The minimum contacts test requires that the defendant purposefully avail himself of the privilege of conducting activities within the forum state so as to invoke the benefits and protection of its laws. J. Wilton Jones, supra. The defendant's connection with the forum state must be such that the defendant should have reasonably anticipated being haled into court there. J. Wilton Jones, supra.
In this case, Atlanta is a Georgia insurance company, not licensed to do business in Louisiana. It issued the policy to Mr. Calo, a Mississippi resident, under the laws of Mississippi. Additionally, according to the affidavit of Shirl Baggett, a litigation representative at Atlanta, Atlanta has no business contacts with Louisiana, has never solicited business in Louisiana, is not an admitted insurer under Louisiana law, and never appointed the Louisiana Secretary of State as its agent.
The Jones decision, cited supra, involves facts similar to those presented in this case and indicates that Atlanta lacks the necessary "minimum contacts" with Louisiana for the Louisiana courts to exercise jurisdiction over it.
In Jones, supra, Luther Thomas Jones, a resident of Alabama, was killed in a one-car accident in Louisiana. Jones was a guest passenger in the vehicle. The driver lost control of the car and caused it to turn over. One of Jones' decedents, a resident of Louisiana, filed suit in Louisiana for his wrongful death. Standard Fire Ins. Co., Thomas Jones' uninsured motorist carrier, was one of the named defendants. Standard Fire was a foreign insurance company domiciled in Alabama, not licensed to do business in Louisiana, and, not in fact doing *790 business in Louisiana. It had no agents or employees living or working in Louisiana. The policy of insurance was issued and delivered to Mr. Jones in Alabama. Standard Fire filed an exception of lack of personal jurisdiction which the trial court denied. Standard Fire sought supervisory writs. The Third Circuit, after finding that personal jurisdiction could not be asserted under the non-resident motorist statute because the insured was not operating the vehicle when it overturned, held that personal jurisdiction could also not be asserted under the Louisiana long-arm statute because Standard Fire did not have sufficient minimum contacts with Louisiana to justify the exertion of jurisdiction over it.
The contacts, or lack thereof, of Atlanta, in this case, to Louisiana are virtually identical to the contacts present in Jones. Atlantic is a Georgia corporation that issued the policy under which coverage is sought to a Mississippi resident under the laws of Mississippi. It has no business contacts with Louisiana, based upon the affidavit of Ms. Baggett, one of its employees. The plaintiff offered no evidence to contradict the allegations in the affidavit. Based upon Jones, Atlanta lacked the minimum contacts with Louisiana necessary for the Louisiana court to exercise jurisdiction over it. The trial court erred in denying Atlanta's exception of lack of personal jurisdiction.
Because no personal jurisdiction exists over Atlanta, consideration of the exception of insufficiency of citation and service of process is moot.
For the foregoing reasons, we reverse the judgment of the trial court and maintain defendant-relator's exception of lack of personal jurisdiction and dismiss plaintiff's suit against Atlanta Casualty Co. This case is remanded to the district court for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED.