Dear Mr. Rives:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
As stated in your letter, your request presents the following two issues for our review:
 (1) Which public body or public official has the discretion to determine the sufficiency of the parish jail; and
 (2) Does the police jury continue to be responsible for maintaining the jail facility where the Sheriff raises monies for its construction and donates the facility to the parish.
Under Louisiana law, the police jury is charged with the duty to provide a good and sufficient jail and for the physical maintenance of the facility. LSA-R.S. 33:4715 provides:
 "The police jury of each parish shall provide a good and sufficient courthouse, with rooms for jurors, and a good and sufficient jail, at such place as they may deem most convenient for the parish at large, provided that when the seat of justice is established by law, they shall not have power to remove it." (Emphasis added).
There is further pertinent language within LSA-R.S. 15:702, which provides:
 "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority." (Emphasis added).
The administration of a parish jail is within the province of the sheriff. The sheriff has the duty of operating the jail and insuring that the prisoners are properly cared for, fed and clothed. Langley v. City of Monroe, 582 So.2d 367 (La.App. 2nd Cir. 1991); Griffin v. Foti, 523 So.2d 925 (La.App. 4th Cir. 1988); and Amiss v. Dumas, 411 So.2d 1137 (La.App. 1st Cir. 1982).
In response to your first inquiry, this office is of the opinion that the police jury, who is charged with the responsibility of providing the facility, is also given the discretion to determine the sufficiency of the structure. This conclusion is applicable in the context of the parish providing the funding for the construction of the facility.
In your second inquiry, you state the sheriff will pay for the facility and by donation transfer ownership to the parish. You inquire whether the parish will then be responsible for maintenance of the facility.
We note the legislature has placed the responsibility for construction of an adequate jail with the police jury. See LSA-R.S. 33:4715, cited herein. Despite this provision, the legislature has expressed its intent to provide additional avenues for the sheriff, through the law enforcement district, to provide for adequate jail facilities. LSA-R.S.33:9010(D)(1)(a) states:
 "Each district is authorized to issue revenue bonds in order to obtain funds to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease, as lessee or lessor, purchase, or equip such immovable or movable property, including but not limited to jails, administration or office buildings, maintenance, storage or utility facilities, or any other facility, building, structure, equipment, or furnishings which may be of use or benefit to the district or to the applicable sheriff." (Emphasis added).
The law enforcement district cannot unilaterally place responsibility for the maintenance of the jail with the parish. The donation of immovable property requires acceptance by the donee, in this instance the parish, to be effective. See LSA-C.C. art. 1536 and LSA-C.C. art. 1540.
The determinative factors are ownership and control. The public body that owns the facility is responsible for its maintenance. The law enforcement district and the police jury may always enter into an intergovernmental agreement to allocate these responsibilities, pursuant to LSA-R.S. 33:1321, et. seq.
We hope this interpretation of the law will be helpful to you. The opinions of this office are not binding, but are persuasive authority only. Should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0121E