WICKER, Judge.
This appeal arises from a suit for damages filed on behalf of plaintiff/appellants Angela L. La See and Judy Venegonia, residents of Illinois, against the following defendants: Ralph Freeze and/or Donald E. Freeze, Sr., individually, and as administrator of his minor son, Donald E. Freeze; the insolvent insurer for the Freeze defendants; Louisiana Insurance Guaranty Association [LIGA] as successor for the insolvent insurer, and American Family Insur- *894 anee Company, the plaintiffs’ foreign insurer. The plaintiffs sued their Illinois insurer for uninsured/underinsured motorist and medical payments coverage. American Family, the appellee, filed exceptions of lack of personal jurisdiction and insufficiency of service of process. The trial judge maintained the exceptions and dismissed American Family from the suit. We affirm.
It is uncontroverted that American Family, an Illinois insurer, has never done the following: (1) written, issued or delivered insurance policies in Louisiana; (2) conducted business in Louisiana; (3) collected or received premiums from Louisiana, and (4) engaged in advertising calculated to reach Louisiana customers. It is also uncontro-verted that American Family issued a policy to the plaintiff, Angela, an Illinois resident, in the state of Illinois.
Angela L. La See alleges she was operating a vehicle in Louisiana when she was struck from the rear by a vehicle operated by Donald E. Freeze. Judy Venegonia alleges she is owed $5,000.00 for medical expenses.
At the outset we note the appellants contend the trial judge was manifestly erroneous and that he was “ambivalent” in his ruling. We disagree. The trial judge stated, “I looked at the law and I think it goes [American Family’s] way. I wouldn’t have á problem if it went the other way, but I am going to rule [American Family’s] way today, and when the Fifth Circuit tells me I’m wrong, we’ll rule your way.” The trial judge was merely stating his duty to follow the law. He is to be commended for doing so. Additionally, we are also compelled to follow the clear wording of La.R.S. 13:3474 as provided below.
In Stewart v. Revnell, 542 So.2d 655, 657 (La.App. 5th Cir.1989) we held that personal jurisdiction and service are only proper on a non-resident insurer of a vehicle driven by an alleged tortfeasor via La.R.S. 13:3474 when that insurer has no minimum contact with Louisiana. In Stewart the service under La.R.S. 13:3474 et. seq. was improper as the proper notice was not sent to the insurer. However, this suit was not for UM or medical payments coverage of a non-tortfeasor.
We are asked to consider in the instant case whether La.R.S. 13:3474 makes a distinction between a non-resident insurer providing UM and medical payments coverage to a non-tortfeasor versus a non-resident insurer who provides public liability and property damage to a tortfeasor. La.R.S. 13:3474 clearly provides personal jurisdiction only over the public liability and property damage non-resident insurer of a tort-feasor.
It provides:
The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, *895 and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally, [emphasis added].
The statute clearly envisions a situation whereby a non-resident tortfeasor or the insurer is being sued since it applies to “any action or proceeding against the nonresident, or such insurer.” [emphasis added]. This is not the case here. Since American Family was not doing business in Louisiana and has no minimum contacts with this state the only way personal jurisdiction and service would be proper would be under La.R.S. 13:3474. Stewart, supra. Since La.R.S. 13:3474 does not apply to this factual situation the trial judge was correct as a matter of law in maintaining the exceptions.
Appellants argue for an extension of the non-resident motorist statute, La.R.S. 13:3474, which applies to the public liability and property damage non-resident insurer of a tortfeasor, to one which would apply to the non-resident UM and medical payments insurer of a party who sues the tortfeasor. We are without authority to extend the plain language of the statute which is specifically limited to an action against the tortfeasor. Consequently, we have no alternative but to hold there is no personal jurisdiction in this particular case absent minimum contacts on the part of American Family.
Accordingly, for the reasons stated the judgment maintaining the exceptions of insufficiency of service and lack of personal jurisdiction as to American Family Insurance Company is affirmed at appellants’ cost.
AFFIRMED.