Dear Sheriff Hathaway:
You requested the opinion of this office concerning a dispute between your office and the Caddo Parish Commission concerning the opening and operation of a new jail facility in Caddo Parish. Several questions have been posed which will be answered in due course, but you requested that your first question be answered as soon as possible. It is anticipated that another opinion will be issued in the near future addressing the other questions in your request.
The question is whether there is any provision in the law which requires a contract to be executed in order for a sheriff to operate a parish jail, and, if so, must the contract state a per diem rate per inmate?
We have reviewed the statutes, jurisprudence and opinions of this office concerning the operation, maintenance and funding of parish jails and have found nothing which requires that a contract be executed in order for a sheriff to operate a parish jail. The law is clear as to the responsibility of the sheriff vis a vis the Commission. Following are selected statutes on this subject:
 R.S. 15:702: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority." (Emphasis supplied)
 R.S. 15:704: "Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public defenders." (Emphasis supplied)
 R.S. 15:705: "A. The sheriffs or jailkeepers shall supply each prisoner daily with wholesome food sufficient in quantity for the proper maintenance of life. They shall provide the prisoners with clothing suited to and sufficient for the season.
 B. The jailer shall be allowed twelve and one half cents per day for each and every prisoner who is sick in order that the sick prisoners may be taken care of as their situation may require."
 R.S. 15:304: "All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, maintenance and prosecution of persons accused or convicted of crimes, their removal to prison, . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. . ." (Emphasis supplied)
 R.S. 33:1435: ". . . Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders." (Emphasis supplied)
 R.S. 33:4715: "The police jury of each parish shall provide a good and sufficient courthouse, with rooms for jurors, and a good and sufficient jail, at such place as they may deem most convenient for the parish at large, provided that when the seat of justice is established by law, they shall not have power to remove it." (Emphasis supplied)
 R.S. 33:1432: "The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
 (1) For keeping and feeding of prisoners in jail not less than three dollars and fifty cents per diem for each prisoner. Any surplus funds remaining at the end of the fiscal year shall be returned to the parish governing authority." (Emphasis supplied)
As stated in Langley v. City of Monroe, 582 So.2d 367 (La.App. 2nd Cir. 1991) in pertinent part as follows:
 "A police jury is charged with the duty to provide a good and sufficient jail and for the physical maintenance of parish jails and prisons. However, the administration of a parish jail is within the province of the sheriff. The police jury has fiscal obligations related to the jail but the sheriff has the duty of operating the jail and insuring that the prisoners are properly cared for, fed and clothed. LSA-R.S. 15:702-704. Griffin v. Foti, 523 So.2d 935
(La.App. 4th Cir. 1988) and Amiss v. Dumas, 411 So.2d 1137
(La.App. 1st Cir. 1982)."
We trust this adequately responds to the first question in your request. We will attempt to respond to the remainder of your questions in a timely fashion.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: MARTHA S. HESS Assistant Attorney General RPI/MSH/jav 3146