hMAX N. TOBIAS, JR., Judge.
Ocean Harbor Casualty Insurance Company (“Ocean Harbor”) has filed an application for supervisory writ seeking reversal of the trial court’s denial of their declinatory exception of lack of personal jurisdiction. For the following reasons, we reverse.
The plaintiffs, Christine Henry and Thomas Henry, allege that they were in *665 volved in automobile accident in New Orleans when their motor vehicle was struck from the rear by a motor vehicle driven by defendant, Rolando Rodriquez (“Rolando”), and owned by defendant, Amado Rodriguez (“Amado”). Amado’s motor vehicle was insured by Ocean Harbor. Rolando had his own automobile liability insurance policy with Allstate Insurance Company. Mr. and Ms. Henry also had an automobile liability policy with State Farm Mutual Automobile Insurance Company that provides uninsured/underinsured motorist coverage. We assume for purposes of this matter that Rolando had the permission of Amado to drive Amado’s vehicle. Amado is a resident of Florida.
120cean Harbor is not a Louisiana insurance company. Ocean Harbor is authorized to do and does business in Florida. Ocean Harbor is not a resident of Louisiana and is not authorized to do business in Louisiana and does not issue or write insurance policies in Louisiana. Ocean Harbor has designated no agent for service of process in Louisiana. Ocean Harbor’s policy issued to Amado in Florida provides coverage for property damage and personal injury protection; it does not appear to provide for bodily injury coverage [1], although we do not address the issue of whether the policy is a liability policy because that issue is not relevant to our resolution of the issue of jurisdiction. Ocean Harbor has furnished a certified copy of the insurance policy issued to Amado to both the trial court and this court. The policy states that as a condition of its coverage, residents of the insured’s household must be listed in the driver information section of the application for the policy, regardless of whether the resident is a student living away from home or a member of the armed forces. Amado is the only person listed in the driver information section of the policy. It therefore follows that Rolando is not insured by the Ocean Harbor policy because he was not listed or identified in the policy and was not identified as a relative of Amado.
La. R.S. 13:3201 (Louisiana’s long arm statute) authorizes a Louisiana court to exercise jurisdiction over non-residents who act directly or through agents to perform various activities in Louisiana. Loaning a motor vehicle to another does not in and of itself establish “authorized agent” status to the borrower. Powell v. Shedd, 523 So.2d 924 (La.App. 4 Cir.1988); Ford v. Calo, 602 So.2d 787 (La.App. 4 Cir.1992). Even when the named insured travels to Louisiana, such does not per se establish that Louisiana may impose personal jurisdiction over the insurer. Jones v. MFA Mut. Ins. Co., 398 So.2d 10 (La.App. 3 Cir.1981). Loaning a motor vehicle to another does not per se create “authorized agent” status to the borrower for purposes of personal jurisdiction. Beaco v. Shows, 1994 WL 374278 (E.D.La.1994). The concept of “authorized agent” usually means that the principal has a business related purpose with the agent.
Van Der Ploeg Schroen v. Daison, 608 So.2d 1080 (La.App. 4 Cir.1992), which is cited by Mr. and Ms. Henry, is not strictly applicable to the present case. In Van Der Ploeg Schroen, the insured, a citizen of Canada but temporarily a resident of Louisiana, filed suit in Louisiana against his own insurer for an injury sustained in Louisiana. The insurer was a Canadian insurer with no contacts in Louisiana. The court remanded the matter to the trial *666 court for further evidence as to “whether or not the deceased [insured] drove his vehicle and trailer or recreational vehicle or rented vehicles in Louisiana” which would be determinative of whether Louisiana had jurisdiction under La. R.S. 13:3474. Id. at 1085. In the context of the case at bar, Van Der Ploeg Schroen stands for the proposition that a plaintiff must have a reasonable opportunity to discover facts that would establish whether minimum contacts exist in order to obtain jurisdiction over the foreign insurer.
|4The plaintiffs make no showing or allegation whatsoever that Rolando was the authorized agent or employee of Amado for any purpose under La. R.S. 13:3201. Additionally, the plaintiffs make no showing that Ocean Harbor has the minimum contacts required for a Louisiana court to exercise jurisdiction over it. It therefore follows Louisiana has no personal jurisdiction over Ocean Harbor.
La. R.S. 13:3474 (Louisiana’s non-resident motorist statute) affords personal jurisdiction over a non-resident insurer not authorized to do business in Louisiana through the secretary of state of Louisiana when the non-resident insured or the insured’s authorized agent, employee, or person for whom he is legally responsible operates a motor vehicle in Louisiana that causes an accident or collision. Louisiana courts have strictly interpreted La. R.S. 13:3474. The statute applies only if the non-resident or his “authorized agent” was involved in an accident in Louisiana. Again we note that the plaintiffs have failed to allege that Rolando was the authorized agent of Amado. La. R.S. 13:3474 does not apply when the insured is not operating the motor vehicle and the conduct of the operator of the vehicle was not under the control of the insured. Ford, supra. See, also, La See v. Freeze, 615 So.2d 893 (La.App. 5 Cir.1993).
For the foregoing reasons, we grant the relator’s application for supervisory writ. We reverse the judgment of the trial court, grant the exception of lack of person jurisdiction, and dismiss, without prejudice, Ocean Harbor from this suit. We remand for further proceedings.
SUPERVISORY WRIT GRANTED; REVERSED AND REMANDED.

. For purposes of this case, the precise type of insurance coverage provided by Amado by the Ocean Harbor policy is not materially relevant, however, it appears that the policy is essentially a "no-fault” policy.