STOULIG, Judge.
Plaintiff, Specialized Electronics, Division of Oakmont Corporation, as assignee of Royal Communications Corporation (hereinafter referred to as Royal), filed suit to recover $7,065.80, representing the unpaid purchase price for electronic equipment sold to defendant Oil and Natural Gas Commission of India, a company domiciled in India.
On or about November 20, 1973, the buyer directed the New York branch of its depositary, State Bank of India, to forward a draft in payment of the purchase price. Pursuant to these instructions a draft of the State Bank of India dated November 20, 1973 payable to Royal Communications Corporation was mailed from New York addressed to the payee at Post Office Drawer 412, Harvey, Louisiana. The check fell into the hands of someone having access to Royal’s mail who cashed the check. It was not until January 1976 that an internal audit of plaintiff company records disclosed the proceeds of this check were never received.
Named defendants in this suit were the purchaser; the State Bank of India; and the Guaranty Bank & Trust Company in Gretna, Louisiana, where the check was cashed on a forged endorsement reading “Royal Communications J. A. Briddle 567-8-987.”
The State Bank of India filed a declinato-ry exception to the jurisdiction of the court ratione personae, which the trial court overruled. Exceptor applied to this court for a supervisory writ and we issued an order directing the trial judge to either render judgment maintaining the declinatory exception or to transmit the entire record to this court so that we could act. The district court elected the latter course of action.
From the record it is clear the State Bank of India simply mailed from its New York office a check payable to Royal at the instruction of its customer Oil and Natural Gas Commission. This in itself is insufficient contact within Louisiana to warrant any court exercising personal jurisdiction over the State Bank of India. R.S. 13:3201 —enacted to permit courts of this State to exercise personal jurisdiction over nonresidents to the full extent approved in International Shoe Co. v. State of Washington,[1] 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) — outlines the situations where jurisdiction attaches, as follows:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
*387 (a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state.”
R.S. 13:3202 specifies the bases for exercising jurisdiction in the preceding section are exclusive. Exceptor’s banking activities of mailing the check to Louisiana does not constitute “transacting business” as contemplated by Section (a) nor does it fall within any other category enumerated in this section.
The State Bank of India, a corporation organized under the laws of the Republic of India, has not appointed an agent for service of process in this State; does not maintain any employees, offices, or bank accounts in Louisiana; does not conduct any business in this State; nor was its action of issuing the draft taken in pursuit of a profit[2] but was in fulfillment of a banking obligation owed to its customer.
Although International Shoe recognizes the need to expand the personal jurisdiction of state courts to certain nonresidents in order to protect its own citizens, it emphasizes that courts are still bound by “traditional notions of fair play and substantial justice” in meeting the due process requirements of the Fourteenth Amendment of the United States Constitution. Were we to conclude Louisiana courts acquired jurisdiction over a corporation that simply mailed a check to a Louisiana address we would do violence to this concept. To hold that the mere mailing of a check to a payee in Louisiana is sufficient to subject the drawee bank to the jurisdiction of our courts under the long arm statute would stifle all foreign banking transactions in this State. Accordingly we conclude the exception to the jurisdiction is sound.
For the reasons assigned, the judgment overruling the declinatory exception of the State Bank of India is reversed and it is now ordered the exception is maintained and this suit against the State Bank of India is dismissed at plaintiff’s cost.

REVERSED AND RENDERED.

. See R.S. 13:3201 Comment (a).

. Riverland Hardwood Co. v. Craftsman Hard. Lbr. Co., 259 La. 635, 251 So.2d 45 (1971).