CHIASSON, Judge.
Applicant, Tom Fairey Company, a Texas domiciliary, has been sued by plaintiff, Henderson Equipment Company, Inc., in Louisiana. Plaintiff’s suit, as it concerns the applicant, alleges that it (plaintiff), rather than the applicant, is the owner of certain John Deere farm equipment.
Service of process was made on applicant by plaintiff under the provisions of LRS-13:3201 et seq. (the long arm statute). Applicant filed a declinatory exception of lack of personal jurisdiction, on the basis that it is a non-resident of Louisiana and that personal jurisdiction over it has not been conferred on our courts by the long arm statute, because the requirements of that statute have not been met.
Other than the pleadings, the only evidence contained in the record is an affidavit filed by applicant’s agent and officer, showing that applicant is the owner of certain John Deere farm equipment, that said property was leased by applicant to a lessee in Houston, Texas, and that said property was later found in Louisiana by the Louisiana State Police, who notified applicant’s agent of this fact and allowed him to return the property to Texas. This affidavit further states that there was “no contract with Henderson Equipment [plaintiff], no contract with any lessee, nor any contact with any other person in Louisiana for the use of the equipment in Louisiana.”
After a hearing, applicant’s exception of lack of personal jurisdiction was overruled by the trial court, and applicant then applied for supervisory writs.
Plaintiff, in its opposition to the application for writs, alleges that Louisiana courts have personal jurisdiction over applicant *690 under the long arm statute on the basis of applicant’s having committed an offense or quasi-offense in this state. We note, however, and find it dispositive of this issue, that plaintiff’s only alleged cause of action against applicant is one to establish ownership of the movable property at issue by way of a declaratory action. At no time has plaintiff alleged that applicant has committed an offense or quasi-offense against it in Louisiana, nor does plaintiff seek damages for any such offense or quasi-offense.
On this basis we find that, the requirements of R.S. 13:3201 et seq. not having been met, no personal jurisdiction over this non-resident defendant (applicant) has been conferred on our courts.
For these reasons, the writ of review is hereby made peremptory, and the exception of lack of personal jurisdiction is hereby maintained and plaintiff’s suit against applicant, Tom Fairey Company, is hereby dismissed.
WRIT MADE PEREMPTORY AND RENDERED.