614 So.2d 290 (1993)
Hilda SPARKS
v.
UNITED STATES FIDELITY AND GUARANTY CO., et al.
No. 92-C-2498.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
*292 Dermot S. McGlinchey, James M. Garner, McGlinchey Stafford Lang, New Orleans, for relator.
Warren Wingerter, Metairie, for respondent.
Before SCHOTT, C.J., and KLEES, ARMSTRONG, PLOTKIN and WALTZER, JJ.
KLEES, Judge.
We grant certiorari to review the trial court's denial of a declinatory exception of lack of personal jurisdiction filed by Connecticut Insurance Exchange (CIE). CIE was made a third-party defendant to the principal demand pursuant to Louisiana's long-arm statute. La.R.S. 13:3201 et seq. The sole issue before this Court is whether Louisiana courts have personal jurisdiction over CIE under the long-arm statute. The principal demand was initiated when Hilda Sparks filed suit for injuries sustained when she slipped and fell in the New Orleans Convention Center during Schwegmann's Food Festival. Sparks named the following defendants: the City of New Orleans, as owner of the Convention Center, its insurer, United States Fidelity & Guaranty Co. (USF & G), Schwegmann Giant Super Markets, Inc., Robert Donnell Productions, Inc., and its insurer, Western World Insurance Company (Western World).
CIE was brought into this action when USF & G filed a third-party demand against Robert Donnell Productions, Western World, and CIE. USF & G alleges that these parties are contractually bound to indemnify USF & G for all amounts which USF & G may be required to pay in the principal demand. This allegation arises from the contract between New Orleans Public Facility Management and Robert Donnell Productions to lease space in the Convention Center to hold the Food Festival. Pursuant to the agreement, Robert Donnell Productions was required to furnish a Certificate of Insurance representing that New Orleans Public Facility Management would be indemnified against any claim for loss or injury arising out of the activities conducted by the licensee during the contract period. The certificate naming the New Orleans Convention Center as an additional insured under Robert Donnell Productions' Western World insurance policy was issued by CIE and mailed from CIE's Connecticut offices to the Convention Center in Louisiana.
Because mailing the certificate to Louisiana was CIE's only connection with the forum state, CIE filed a declinatory exception of lack of personal jurisdiction. When the trial court denied the exception, CIE applied for supervisory writs, contending that the exercise of personal jurisdiction over it violates due process. Because we find that CIE lacked the necessary contacts within the forum state to exercise personal jurisdiction, we reverse the trial court's ruling and dismiss the suit against CIE.
In order for Louisiana courts to obtain personal jurisdiction over a nonresident defendant by virtue of the long-arm statute, the assertion of jurisdiction must comply with constitutional due process requirements. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790, 792 (La.1987); Fox v. Board of Supervisors of La. State University, 576 So.2d 978, 983 (La.1991). Because the limits of Louisiana's long-arm statute and the limits of constitutional due process are coextensive, if the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the Louisiana long-arm statute. Superior Supply, supra at 792.
The Supreme Court of the United States maintains that constitutional due process requirements are met when the nonresident defendant has "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The test to determine whether the nonresident has established these "minimum contacts" is whether the defendant has purposefully availed himself of the privilege of conducting *293 activities within the forum state so as to invoke the benefits and protection of its laws. This connection with the forum state must be such that the defendant should have reasonably anticipated being haled into court there. J. Wilton Jones v. Touche Ross & Co., 556 So.2d 67 (La.App. 4th Cir.1989). Once minimum contacts are established, the court must analyze the quality and nature of the contacts and the relationship among the defendant, the forum and the litigation to determine whether the exercise of jurisdiction is reasonable. Superior Supply, supra.
In the instant case, the record shows that CIE is a Connecticut Corporation not licensed to do business in Louisiana. The certificate of insurance shows that CIE was the producer of the insurance but not an insurer itself. Ronald Tregoning, CIE president, establishes that CIE does not have offices, employees or agents in Louisiana, nor does it own property or have any assets located in Louisiana. Further, CIE does not send representatives to Louisiana nor does it advertise or solicit business in Louisiana. CIE has never paid taxes to the State of Louisiana and does not have bank accounts in Louisiana. Mary Darmofalski, the CIE office manager, stated that the mailed copy of Robert Donnell Productions' Certificate of Insurance to the Convention Center was the only contact that CIE has had with Louisiana.
This Court must determine whether this single contact by CIE is sufficient to qualify as "minimum contacts" with the forum state sufficient to exercise personal jurisdiction. While Louisiana courts have recognized that a single act on the part of the defendant may be enough to subject that defendant to personal jurisdiction,[1] the contacts involved cannot be "isolated, fortuitous, or attenuated." Fryar v. Westside Habilitation Center, 479 So.2d 883, 888 (La.1985). There must be a substantial connection between the defendant's activities and the forum state, but physical entry into the forum state is not essential. Fryar, supra.
This Court addressed a similar fact situation in Specialized Electronics, Division of Oakmont Corp. v. Oil & Natural Gas Commission of India, 340 So.2d 385 (La. App. 4th Cir.1976). In Specialized Electronics, the plaintiff brought an action against a foreign bank which issued a draft in payment of an unpaid purchase price for equipment sold. The draft was mailed from the bank's New York branch to the plaintiff in Louisiana at the direction of its customer, the buyer of the equipment. Upon discovering that the draft had been stolen from the mail and forged the plaintiff filed suit against the foreign bank and others for recovery of the price in Louisiana. This Court held that where a foreign bank, which had no appointed agent for service, no offices, employees, or bank accounts in Louisiana, and which did not conduct business within Louisiana, mailed a draft payable to the seller of equipment at the direction of its customer, such foreign bank had insufficient contact within Louisiana to warrant any court exercising personal jurisdiction over it. The Court stated that "were we to conclude Louisiana courts acquired jurisdiction over a corporation that simply mailed a check to a Louisiana address we would do violence to this concept of `traditional notions of fair play and substantial justice.'" Id. at 387.
Applying these principles to the facts of the instant case, we conclude that CIE did not have the requisite minimum contacts with the forum state. Similar to the defendant bank in Specialized Electronics, CIE only had an indirect involvement with the forum state which arose from the dealings of a customer. The record indicates that the only reason CIE came into contact with Louisiana was to fulfill the request of Robert Donnell Productions to certify that the New Orleans Convention Center was added as an additional insured under Robert Donnell Productions' Western World liability policy. *294 CIE did not solicit or initiate this contact. The act of mailing the certificate of insurance to Louisiana does not constitute a purposeful availment of the privileges of conducting business within Louisiana such as to invoke the benefits and protection of Louisiana law. The certificate in question merely represented that the New Orleans Convention Center was an additional insured under Robert Donnell Productions' liability policy. This Court finds that it would be unreasonable to assume that CIE should have anticipated being haled into court in Louisiana as a result of this act. Therefore, under the rationale of Specialized Electronics, it would violate due process notions for a Louisiana courts to maintain that CIE's actions constituted "minimum contacts" for personal jurisdictional purposes.
Accordingly, for the reasons given, the judgment overruling the declinatory exception of CIE is reversed and it is ordered the exception is maintained and this suit against CIE is dismissed at USF & G's cost.
REVERSED AND RENDERED.
WALTZER, J., dissents.
WALTZER, Judge, dissenting.
The majority opinion states at page 292 that the insurance policy was issued by Connecticut Insurance Exchange (hereinafter CIE). Although others disagree, I would find that the issuance of a policy of insurance is "transacting business" for purposes of the Long Arm Statute, hence the trial court correctly denied the motion.
The Facility Use contract between Robert Donnell Productions (hereinafter "Donnell Productions") and the New Orleans Convention Center (hereinafter "NOCC") and New Orleans Public Facility Management, Inc. (hereinafter "NOPFMI") provides that Donnell Productions will hold harmless and indemnify the New Orleans Exhibition Hall Authority (hereinafter "NOHEA"), NOCC, and NOPFMI. The contract further provides that several different types of insurance policies with specified minimum limits of liability be procured. The contract further provides that each insurance policy shall contain the following provisions:
"(1) Sixty (60) days affirmative notice of cancellation or reduction of coverage will be given to the NOCC.
(2) Licensee and insurer shall have no right of recovery or subrogation against NOCC, it being the intention that the insurance policies shall protect all parties to this contract and shall be primary coverages for all losses covered by the policies.
(3) The New Orleans Exhibition Hall Authority, New Orleans Public Facility Management, Inc., and the City of New Orleans shall be named additional insureds."
CIE issued a form certificate of insurance to the New Orleans Convention Center on August 14, 1987. The form states:
"This certificate is issued as a letter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."
The form indicates that the "Producer" is "Conn. Insurance Exchange", that the "Insured" is "Robert Donnell Productions", and that the companies affording coverage are (A) Western World Insurance Co. and (B) Wausau Insurance Company.
The next portion of the form is entitled "Coverages". Immediately under the word "Coverages" is the following language:
"This is to certify that policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions, and conditions of such policies." (emphasis added).
The "Coverages" part of the form is divided into fives sections and indicates four points relative to coverage in the instant matter.
The first section indicates "Company A General Liability Comprehensive Form Policy *295 Number GLA233656 Effective 11/5/86 Expiration Date 11/5/87 Single Limit BI & PD Combined $1,000,000". Added underneath Policy Number is the language "`CORRECTED COPY'".
The second section indicates "Company A Automobile Liability Any Auto Policy Number GLA233656 Effective 11/5/86 Expiration Date 11/5/87 BI & PD Combined $500,000. Added underneath Policy Number is the language "Add as Additional Named Insured: New Orleans Exposition Hall Authority: City of New Orleans: and New Orleans Public Facility Management, Inc." The third section of "Coverages" is entitled Excess Liability and does not indicate that any excess liability policies were issued by anyone.
The fourth section of "Coverages" indicates "Company B Workers' Compensation and Employers Liability Policy Number XXXXXXXXXXXX Effective Date 6/5/87 Expiration Date 6/5/88 Statutory Liability Limits 100,000".
The fifth and final section of Coverages is entitled "Other" and added thereunder is the language "Add as Additional Named Insured: New Orleans Convention Center 900 Convention Center Boulevard, New Orleans, La., 70130".
Although the contract required 60 days notice of cancellation, the certificate of insurance only provided for 10 days notice of cancellation.
All of the instructions relative to the addition of the Convention Center parties (NOCC, NOPFM, NOEHA, and the City) say "add"; they do not say "added". Additionally, the Convention Center parties are not listed or even referred to in the box entitled "Insured". Was the language on the certificate of insurance a certification by CIE that the parties had been already added or a certification that they would be added in the future? If it was a statement that they would be added in the future, were they in fact added? In short did CIE ever actually inform Western World and Wausau to add these parties as additional insureds? Or did CIE certify that it would in the future inform Western World and Wausau, but for some reason failed to do so?
If the insurance policies had been properly issued with the Convention Center parties as insureds, one would expect Western World Insurance Company to extend coverage and to provide a defense to this suit. Instead, U.S.F. & G., who routinely handles other insurance matters for the Convention Center parties, has been forced to undertake the defense due to Western World's denial of coverage and a defense. Surely Western World is aware that should a court find that it wrongful failed to provide coverage and a defense, it will be subjected to damages far in excess of the cost of coverage and defense of the original suit. Is Western World's failure to provide coverage the result of errors or omissions on CIE's certificate of insurance or the result of CIE's failure to notify Western World of the additional insureds? Have the Convention Center parties detrimentally relied upon erroneous information to which CIE certified via its certificate of insurance? If CIE did certify to erroneous information via its certificate of insurance mailed to this State, and the Convention Center parties did detrimentally rely upon that certification, then at the moment of detrimental reliance, a business tort was committed in this state.
NOTES
[1] See, Babcock & Wilcox v. Babcock Mexico, 597 So.2d 110 (La.App. 4th Cir.1992), writ denied, 600 So.2d 679 (La.1992); Security Homestead Association v. International Insurance Co. Inc., 546 So.2d 1384 (La.App. 4th Cir.1989).