617 So.2d 483 (1993)
Walter BICKHAM
v.
SUB SEA INTERNATIONAL, INC., et al.
No. 93-CC-0541.
Supreme Court of Louisiana.
April 30, 1993.
Rehearing Denied May 21, 1993.
*484 PER CURIAM.
The court of appeal 614 So.2d 115 correctly held that defendant did not waive its exception of improper venue while it filed the declinatory exception in the same pleading with the answer.
However, the court of appeal erred in holding that defendant's filing interrogatories and requests for production of documents, after filing the exception of improper venue but before the trial on the exception, waived its pending exception. While defendant's actions constituted a general appearance which would have waived any objections raised by declinatory exceptions if the actions had occurred before the venue exception was filed, the general appearance did not waive the pending exception. There is a useful purpose (judicial efficiency) in the requirement that all declinatory and dilatory exceptions be filed prior to answer or general appearance, but there is no useful purpose in judicially extending this requirement to constitute a waiver when the general appearance is made after the declinatory exception has been filed. Our conclusion that the subsequent general appearance, before trial of the exception, does not constitute a waiver of the pending exception is consistent with the intermediate court's conclusion (with which we agree) that the subsequent (or simultaneous) filing of an answer, before trial of the exception, does not waive the pending exception.
Accordingly, the judgment of the court of appeal is set aside, and the judgment of the district court maintaining the exception of improper venue is reinstated. The case is remanded to the court of appeal to consider plaintiff's alternative argument to support venue in Orleans Parish.