PER CURIAM.
Granted. Judgment of the court of appeal is affirmed in part and reversed in part. The supplemental report sought by relators is clearly a followup or subsequent report and not an initial report, as the initial report produced by the state includes all information obtained in the initial investigation of the complaint. Under La.R.S. 44:3(4)(a), a followup or subsequent report is not a public record. Accordingly, the court was correct in vacating the order of the trial court directing the prosecutor to furnish the supplemental police report to relators. However, relators are entitled to be informed of “the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.” La.Code Crim.P. art. 716. Accordingly, the case is remanded to the trial court to conduct an in camera inspection of the supplemental report, determine if it contains any statements falling under La. Code Crim.P. art. 716 and disclose the substance of these statements to relators.
WATSON, J., not on panel.