BARRY, Judge.
Nora Redmann seeks review of a ruling which denied her exception of lack of personal jurisdiction.
The lawsuit concerns a dispute between two families who are descendants of (American hero) James Bowie’s brother, Rezin Bowie. Several items allegedly from James Bowie are in dispute (“the Bowie heirlooms”), the central item being the only life portrait of James Bowie which was painted in New Orleans in 1834.
Rezin Bowie was the grandfather of John S. Moore. John S. “Jack” Burk, Administrator of the Succession of Gwendolyn Moore, alleges that all of the Bowie heirlooms were co-owned by the ten children of John S. Moore, including Gwendolyn Moore Burk (Burk’s mother) and Muriel Moore (Burk’s aunt).
Muriel Moore was the last surviving child of John S. Moore at the time of her death. On May 14, 1991 William Gibbens, *479 Jr. opened the succession of Muriel Moore, his aunt, and on May 16, 1991 he was appointed dative testamentary executor.
Thompson B. Burk,[1] as administrator of the succession of Gwendolyn S. Moore Burk (Muriel Moore’s sister), filed a “Petition for Establishing Co-Ownership and for Judicial Partition and Injunctive Relief”, alleging that Gibbens had not included the Bowie heirlooms in Muriel Moore’s list of succession assets and he transferred at least one, the portrait, to Nora G. Red-mann, his daughter in California.
Mr. and Mrs. Gibbens denied the claims of co-ownership, and alleged that Muriel Moore was the sole owner of the Bowie heirlooms and she transferred those items to them by manual gift. Mr. and Mrs. Gibbens gave several of the heirlooms, including the portrait, to Nora G. Redmann, their daughter.
John S. “Jack” Burk amended his petition to include Ms. Redmann as a defendant and alleged co-ownership of the Bowie items in her possession (the Bowie portrait, a portrait of John Hickman Moore, and an antique dining room set). Nora Redmann was served via Louisiana’s Long-Arm Statute (La.R.S. 13:3201) and she filed an exception of lack of personal jurisdiction.
The trial court ruled that Louisiana has personal jurisdiction over Nora Redmann. The trial judge stated: “Certainly Louisiana is the preferred forum to litigate ownership of property claimed by a Louisiana succession. The connection between Nora Redmann and Louisiana is her father’s transporting the portrait to California.”

PRINCIPLES OF PERSONAL JURISDICTION

The Louisiana Supreme Court stated in deReyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 105 (La.1991):
Due process requires that in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Company v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).
[[Image here]]
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp., [v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)]; Helicopteros [Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)]. By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Asahi Metal Industry Company, [Ltd., v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ]; Burger King Corp., 471 U.S. at 475, 105 S.Ct. at 2183; Keeton v. Hustler Magazine, supra; World-Wide Volkswagen Corp. v. Woodson, [444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)]. Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum’s laws it is presumptively not unreasonable to require the defendant to submit to the *480 burdens of litigation in that forum as well. Burnham v. Superior Court of California, 495 U.S. 604 [635-38], 110 S.Ct. 2105, 2124-25, 109 L.Ed.2d 631 (1990). [Remaining citations omitted].
Once it has been decided that a defendant purposefully established such minimum contacts within the forum state, a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present ‘a compelling case that the presence of some other considerations would render jurisdiction unreasonable.’ [Citations omitted].
* * * * * *
Implicit in this emphasis on reasonableness [of jurisdiction] is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum state’s interest in adjudicating the dispute, the plaintiff’s interest in obtaining convenient and effective relief, at least where that interest is not adequately protected by the plaintiff’s power to choose the forum, the interstate judicial system’s in obtaining the most efficient resolution of the controversies, and the shared interest of the several states in furthering fundamental substantive social policies. [Citations omitted]. These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. [Citations omitted].
Louisiana’s Long-Arm Statute (La.R.S. 13:3201) states:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services of things in this state.
(3) Causing injury or damage by an offense or quasioffense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasioffense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer’s marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
After the 1987 amendment to La. R.S. 13:3201, the only inquiry as to jurisdiction over a nonresident is constitutional due process. The limits of the Louisiana Long Arm Statute and the limits of constitutional due process are co-extensive and therefore, if the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the Long Arm Statute. Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978, 983 (La.1991); Superior Supply Company v. Associated *481 Pipe and Supply Company, 515 So.2d 790, 792 (La.1987).

APPLICATION TO THE FACTS

Jack Burk alleges that the Bowie heirlooms were located at the family residence on Short Street in New Orleans for over 100 years. Muriel Moore was the last Moore to live in that residence which was the home of her mother. Burk points out that the Bowie items were always prominently displayed in the home and were renowned throughout the family for their historical significance. The Moores took great pride in their relationship to James Bowie.
Relator argues that Burk presented no evidence (i.e., affidavits, depositions, etc.) supporting his contention that the court may exercise personal jurisdiction over Ms. Redmann. Ms. Redmann submitted affidavits from her parents (Mr. and Mrs. Gib-bens) and herself which establish that:
(1) Mr. and Mrs. Gibbens gave Nora Redmann two portraits and a dining room set that they had been given by Muriel Moore; these gifts to Ms. Red-mann occurred while Ms. Moore was still living (1986-1990);
(2) None of these gifts were solicited by Ms. Redmann;
(3) All of the gifts were either mailed to Ms. Redmann or delivered to her in California; she never entered Louisiana for any purpose related to any of the Bowie items;
(4) Ms. Redmann has not lived in Louisiana for over thirty years, and has visited here only three times in the last sixteen years, each visit lasting no more than a week and for purposes unrelated to the litigation;
(5) Ms. Redmann has not asserted a claim in the Succession of Muriel V. Moore; she does not contend that she is an heir or legatee of Ms. Moore;[2] and
(6) Ms. Redmann had no knowledge of any controversy surrounding the ownership of these items when she received them-
Burk contends that receipt of the Bowie portrait was not a passive act on the part of Ms. Redmann. He notes that the historical value of the portrait was well known. In addition, Burk surmises that due to the large size of the portrait, Mr. and Mrs. Gibbens could not send it to their daughter without first contacting her. They conclude that Ms. Redmann must have made arrangements with her parents to receive the portrait prior to its shipment. She actively participated in moving the portrait.
We find that Burk failed to prove sufficient minimum contacts with Louisiana to properly assert in personam jurisdiction over Nora G. Redmann. Not every act of an out of state resident will subject her to the jurisdiction of our courts. Drake v. Hammond Square, 525 So.2d 261, 264 (La.App. 1st Cir.1988). Other than the pleadings, Burk has not submitted any evidence to impose jurisdiction over Ms. Redmann. Burk only alleged (by way of a declaratory action) that Ms. Redmann has possession of movables in which he claims an interest.
In Henderson Equipment Company, Inc. v. Department of Public Safety, 409 So.2d 689 (La.App. 1st Cir.1982), Henderson Equipment Company, Inc. (Henderson) sued Tom Fairey Company (Fairey), a Texas domiciliary, in Louisiana alleging ownership of farm equipment. Fairey was served via La.R.S. 13:3201 and filed an exception of lack of personal jurisdiction. The evidence showed that Fairey was the owner of the equipment and had leased it in Houston. The property was later found in Louisiana and returned to Fairey in Texas. There was no contract with anyone in Louisiana for use of the equipment in Louisiana.
*482 The Henderson court found that the mere assertion by a Louisiana resident that an nonresident possesses movables in another state to which a plaintiff claims ownership is insufficient to establish personal jurisdiction. Id., at 690.
Burk surmises that Ms. Redmann must have made arrangements to receive the farm equipment when it was found in Louisiana and sent to him in Texas. Burk’s argument is not persuasive.
We hold that the shipping of the Bowie items by Mr. and Mrs. Gibbens to Ms. Redmann as a gift does not constitute a “substantial connection” to Louisiana, especially since the only other contact Ms. Redmann had with Louisiana was that her parents reside here. Ms. Redmann’s few visits to Louisiana over sixteen years to visit her parents were unrelated to this suit. Thus, Ms. Redmann has not “purposefully directed” her activities at a resident of this State. See Asahi Metal Industry Company, 480 U.S. at 111, 107 S.Ct. at 1032. Instead, her actions are the type of “random”, “attenuated” contacts precipitated by the unilateral activity of third persons (her parents). See Burger King, 471 U.S. at 475, 105 S.Ct. at 2183. These types of activities do not provide the requisite minimum contacts to assert personal jurisdiction over a nonresident defendant.
The second part of the test (i.e., the fairness factors) are irrelevant, as Burk failed to establish that Ms. Redmann has minimum contacts with Louisiana. Burger King, 471 U.S. at 477, 105 S.Ct. at 2184.
Relator’s exception of lack of personal jurisdiction is hereby maintained and Burk’s suit against Nora G. Redmann is dismissed.

EXCEPTION OF LACK OF PERSONAL JURISDICTION MAINTAINED; SUIT DISMISSED AS TO NORA REDMANN.

. It is not apparent from the pleadings when John S. "Jack" Burk, respondent herein, replaced Thompson B. Burk as administrator of the Succession of Gwendolyn Moore Burk.

. The action of which Ms. Redmann is named a defendant and in which this writ application is taken is not a succession proceeding. It is a declaratory judgment action brought by Burk against Mr. Gibbens, Mrs. Gibbens and Ms. Red-mann in their individual capacities and against Gibbens in his capacity as dative testamentary executor of Muriel Moore’s succession. Ms. Redmann, who does not claim to be an heir of Muriel Moore, is not a party to the related proceedings involving the Succession of Muriel Moore.