627 So.2d 720 (1993)
Joseph DELAY
v.
Joseph CHARBONNET and Insurer of Turner Ashby Bredrup, Mutual Assurance Society of Virginia.
No. 93-CA-0535.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
*721 Frank B. Hayne, New Orleans, for plaintiff-appellant.
Geoffrey P. Snodgrass, Christovich and Kearney, New Orleans, for defendant-appellee.
Before CIACCIO and WALTZER, JJ., and JAMES C. GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Joseph Delay appeals the trial court judgment maintaining defendant, Mutual Assurance Society of Virginia's, (Mutual) declinatory exception of lack of personal jurisdiction. We affirm.
On January 9, 1987, plaintiff, a New Orleans police officer, was patrolling the French Quarter. Defendant Turner Bedrup, a resident of Virginia, was attending a college fraternity conference in New Orleans. While in New Orleans, Bedrup and his friends became involved in an altercation with the plaintiff-police officer when the officer was trying to effect an arrest of Bedrup. As a result the plaintiff-officer was allegedly injured.
Delay brought suit against Bedrup, Joseph Charbonet, Frank Moncastle and John Syer (Bedrup's three friends) and their insurers for the injuries allegedly sustained. Also named as a party defendant, in a supplemental and amended petition, was Mutual, the homeowner's insurer of Bedrup's parents. The policy included liability coverage.
On July 31, 1990, Mutual filed a declinatory exception of lack of personal jurisdiction alleging that it was not a Louisiana corporation and had no contacts with the State. Defendant's exception was supported by an affidavit of L. Gerald Roach, the president of the Virginia corporation. The exception was denied. Subsequently, on December 20, 1990, the defendant insurer filed its answer to the petition and asserted (in that answer) that it was not waiving its objection to jurisdiction. After a settlement between plaintiff and the four alleged tortfeasors, (including Mutual's insured), Mutual filed a Peremptory Exception of Res Judicata claiming that since the plaintiff settled with its' insured, plaintiff was precluded from pursuing his claim against it. The exception was denied by the trial judge. Thereafter, the judge, on re-urging of the exception to the jurisdiction, maintained the exception dismissing plaintiff's suit against Bedrup's insurer, Mutual. In his reasons for judgment denying a motion for a new trial on the exception, the trial judge noted that he was bound by the recent decision rendered in Ford v. Calo, 602 So.2d 787 (La.App. 4th Cir.1992).
Plaintiff, appealing, claims that the trial judge erred in failing to find that Mutual was subject to Louisiana jurisdiction under the Long Arm Statute (R.S. 13:3201). Plaintiff further argues that the trial judge also erred in failing to recognize that a person visiting Louisiana is a legal resident of the State during the time that he or she remains in this state; that the court further erred in finding that Mutual, (an insurer of property owners which had in effect policies involving 6,830 property owners) was not subject to jurisdiction in a suit arising out of a tort committed in Louisiana by a member of the insured family while residing in the State. *722 From a procedural standpoint, plaintiff claims the trial judge erred in failing to hold that an exception to the jurisdiction, after the filing of a peremptory exception (absent a reservation waiver in the exception), is waived.

WAIVER
In connection with plaintiff's procedural argument, Delay claims that upon the filing of the exception of res judicata, Mutual made a general appearance.
Code of Civil Procedure article 7(C) provides that:
[w]hen a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the grounds that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory and peremptory exceptions therewith, or the filing of an answer when required by law, does not constitute a general appearance.
The Louisiana Supreme Court held that after a defendant's exception to jurisdiction has been overruled, one cannot be required to forego answering and defending the merits "in order to avail himself on later appellate review of a meritorious exception to the jurisdiction which had been erroneously overruled by the trial judge." Clay v. Clay, 389 So.2d 31, 38 (La.1979). In a recent opinion, the Supreme Court further stated "[t]here is a useful purpose (judicial efficiency) in the requirement that all declinatory and dilatory exceptions be filed prior to answer or general appearance, but there is no useful purpose in judicially extending this requirement to constitute a waiver when the general appearance is made after the declinatory exception has been filed." Bickham v. Sub Sea International, Inc., 617 So.2d 483 (La.1993). In Bickham, the court concluded that defendant's filing of interrogatories and requests for production of documents, after the filing of the exception of improper venue but before trial on the exception, did not constitute a waiver of the exception.
Mutual filed its declinatory exception of lack of personal jurisdiction on July 31, 1990. After the trial court denied the exception, the defendant answered the petition but stated that it was reserving its right to re-urge its exception to the jurisdiction. In its exception of res judicata, Mutual did not state that it was reserving its right to object to the jurisdiction of the court. In light of the jurisprudence cited above, the defendant's failure to reserve its right to except to the court's jurisdiction in its exception of res judicata did not constitute a waiver of its exception of lack of personal jurisdiction.

LONG ARM STATUTE
The Louisiana Long Arm Statute provides for personal jurisdiction over nonresidents.[1] In determining whether jurisdiction exists under the long arm statute, the sole inquiry *723 is whether the assertion of jurisdiction complies with constitutional due process. Fox v. Board of Supervisors of La. State University, 576 So.2d 978 (La.1991).
Constitutional due process requirements are met when the non-resident defendant has "minimum contacts" with the forum state and the maintenance of suit comports with traditional notions of fair play and substantial justice. International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); J. Wilton Jones Co. v. Touche Ross and Co., 556 So.2d 67 (La.App. 4th Cir.1989), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The minimum contact test requires that the defendant avail himself of the privilege of conducting activities within the forum state so as to invoke the benefits and protection of its laws. The defendant's connection with the forum state must be such that the defendant should have reasonably anticipated being brought into court there. J. Wilton Jones, supra. Once the minimum contacts are established, the court must analyze the quality and nature of the contacts and the relationship among the defendant, the forum and the litigation to determine whether the exercise of jurisdiction is reasonable. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La. 1987).
In Ford v. Calo, 602 So.2d 787 (La. App. 4th Cir.1992) an injured party, who obtained a judgment against a tortfeasor, filed a breach of contract action against the tortfeasor's insurer for failure to pay the judgment. The plaintiff was a Mississippi resident who was driving his father-in-law's car when he was involved in an automobile accident in Louisiana. The plaintiff sued his father-in-law's insurer, Atlanta Casualty Company. Atlanta filed a declinatory exception of lack of jurisdiction contending that it had no contacts with the State of Louisiana. In maintaining Atlanta's exception, the court noted that Atlanta was a Georgia corporation that issued the policy under which coverage was sought to a Mississippi resident under the laws of Mississippi. Atlanta Casualty had no business contacts with Louisiana, never solicited business in Louisiana, was not an insurer under Louisiana law and never appointed the Louisiana Secretary of State as its agent. We concluded in Calo that Atlanta Casualty lacked the minimum contacts necessary for the Louisiana court to exercise jurisdiction. See also Sparks v. Fidelity and Guar. Co., 614 So.2d 290 (La.App. 4th Cir. 1993).
In the instant case, Mutual is an mutual assurance company licensed to do business only in Virginia. It issued a homeowners policy to the Bedrups under the laws of Virginia. L. Gerald Roach, the president of Mutual, stated in his affidavit and deposition that Mutual has no business contacts with Louisiana, that it has never done any business in this state, that it has never solicited any business in this state, and that it does business only in Virginia, as the company is precluded from doing business outside of Virginia by a state charter. Article VII, Section 3 of the Company's by-laws provides that the "transaction of insurance shall be confined to the geographical areas of the State of Virginia as are specifically authorized by the Board of Directors." Mutual has no offices, employees or agents in Louisiana. Roach stated, further, in his deposition that Mutual writes only homeowners and personal article polices for residents of Virginia. In order to be insured by Mutual, a person must be a citizen of Virginia. If a policyholder moves to another state, all insurance policies issued by Mutual would be cancelled.
Considering the statute, the jurisprudence and the facts in the instant case, we conclude, as did the trial judge, that Mutual did not have the requisite minimum contacts with Louisiana.

RESIDENT
We reject plaintiff's argument that defendant Bedrup was a resident of Louisiana at the time of the incident. To stretch the definition of a resident to a visitor attending a convention is untenable. In Van Der Ploeg Schroen v. Daison, 608 So.2d 1080 (La.App. 4th Cir.1992), writ denied, 613 So.2d 995 (La.1993) this Court discussed the issue of residency.

*724 "`Resident' is defined in Webster's Third New International Dictionary, 1966, as `one who dwells in a place for a period of some duration.' However, `[w]hether a person is or is not a resident of a particular place is a question of law as well as fact, and is to be determined from all of the facts of each particular case ...'" Lander v. Andrews, 216 So.2d 365 (3rd Cir.La.App.1968); Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965).
"The question is one largely of intention, and the intention of a person, in that respect, is determined by his expressions thereof at times not suspicious with his conduct and the circumstances of his life.'" Stavis v. Engler, 202 So.2d 672 (4th Cir.La. App.1967).
While a party may have only one domicile, he may have several residences. To maintain a residence, a person needs only a place or premises which entitles him to return at his convenience without having to request permission of someone else. Hobbs v. Fireman's Fund Am. Ins. Companies, 339 So.2d 28 (La.App. 3rd Cir.1976), writ denied, 341 So.2d 896 (La.1977).
Plaintiff contends that the facts in Van Der Ploeg Schroen are similar to the present case. In Van Der Ploeg Schroen, we simply stated that the trial court was correct in finding the Schroens were residents of the State of Louisiana at the time of the accident. The plaintiffs were suing their automobile insurer, a Canadian insurer, under the uninsured motorist portion of the policy. The plaintiffs were Canadian who were staying at a trailer park in New Orleans when the accident occurred. Persons living in a trailer park are much different from a convention visitor to New Orleans. Van Der Ploeg Schroen is not analogous to the instant case.
Accordingly, we conclude the trial judge properly maintained Mutual's plea to the jurisdiction. Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] R.S. 13:3201 states that:

A. A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which cause damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.